U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2009 OCT -7 AM 10: 42

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
For the
DISTRICT OF VERMONT

| | |
|---|---|
| EMILY GILLETTE,<br>**Plaintiff,**<br><br>v.<br><br>DELTA AIRLINES, INC.,<br>FREEDOM AIRLINES, INC., and<br>MESA AIR GROUP, INC.<br>**Defendants.** | Civil Action No. 2:09-CV-228 |

## COMPLAINT AND JURY TRIAL DEMAND

NOW COMES Plaintiff Emily Gillette, by and through her attorneys, Lambert Coffin Haenn, and brings this complaint against Defendants Delta Airlines, Inc., Freedom Airlines, Inc. and Mesa Air Group, Inc. as follows:

### JURY TRIAL DEMAND

In accordance with F.R.Civ.P. 38, Plaintiff demands a trial by jury on all issues so triable of right.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Defendants because each of them, directly and/or through their subsidiaries, related entities, or agents, is doing business in the state of Vermont, and the occurrence complained of took place in Burlington, Chittenden County, Vermont.

2. Jurisdiction is proper in this Court pursuant to the provisions of 28 U.S.C. § 1332(a) because the aggregate amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties are citizens of different states, as more fully set forth below.

3. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and because one or more of the Defendants is subject to personal jurisdiction, at the time the action was commenced, within this judicial district, as more fully set forth below.

## PARTIES AND JURISDICTION

4. Plaintiff Emily Gillette is a resident of Santa Fe, New Mexico. At times relevant to this complaint, specifically on or about October 13, 2006, she was in Burlington, Chittenden County, Vermont.

5. Defendant, Delta Airlines, Inc. ("Delta") is a Delaware corporation with corporate headquarters located in Atlanta, Georgia, which advertises and operates air transport services under the "Delta" name to passengers flying in and out of Burlington International Airport, Burlington, Chittenden County, Vermont.

6. Defendant Mesa Air Group, Inc. ("Mesa") is a Nevada corporation with its corporate headquarters located in Phoenix, Arizona.

7. Defendant, Freedom Airlines, Inc. ("Freedom") is a Nevada corporation registered to do business as a foreign corporation in Vermont with its corporate headquarters located in Irving, Texas.

8. Freedom offers connector flights to the public under the "Delta" name to passengers flying in and out of Burlington International Airport in Burlington, Chittenden County, Vermont.

9. Freedom is a wholly owned subsidiary of Mesa.

10. Freedom operates under a code-share agreement with Delta using Mesa aircraft.

11. The fleet Freedom operates is all inventoried in Mesa's SEC filings, as its property.

12. Mesa and Freedom are listed as one business entity for purposes of calculating income in Mesa's SEC filings.

13. Upon information and belief, Mesa employs or pays wages to Freedom employees and exerts some degree of control over them.

14. At all times relevant to the Complaint, Freedom, in its capacity as a wholly owned subsidiary of Mesa, operated exclusively as a Delta Connections carrier and flew flights known as "Delta Connections" flights to and from Burlington International Airport in Burlington, Chittenden County, Vermont.

15. The tickets for Delta Connection Flight to and from Burlington International Airport are labeled as Delta tickets and sold by and as Delta tickets.

16. The Delta Connection planes operated by Mesa/Freedom have lettering on them identifying them as "Delta" planes.

## FACTS

17. On Friday, October 13, 2006, Plaintiff, her husband, and toddler were in Burlington, Vermont. They were ticketed to fly out of Burlington International Airport on a flight labeled as Delta Flight 6160 and operated by Mesa/Freedom to New York, with a scheduled departure time of 6:53 p.m.

18. Plaintiff's ticket identified Delta as the air carrier, but the flight was a "code share" flight with Freedom/Mesa.

19. After almost a three hour delay, Flight 6160's passengers, including Plaintiff, her husband and her toddler, boarded the aircraft at 9:40 p.m.

20. Pursuant to their tickets, Plaintiff, her husband and her toddler were seated in Row 8 of the 9 row aircraft.

21. Plaintiff sat in the window seat with her husband in the aisle seat.

22. Shortly thereafter, Plaintiff began nursing her hungry and tired toddler.

23. Plaintiff had her toddler positioned with her head toward the aisle and no part of Plaintiff's breast exposed.

24. Defendants' agent and employee, Flight Attendant Tammie Kinzie ("FA Kinzie"), approached Plaintiff with a blanket and told her to cover up.

25. Plaintiff politely declined the blanket.

26. FA Kinzie again pushed the blanket toward Plaintiff, and forcefully demanded that Plaintiff cover her toddler's head, stating: "You are offending me."

27. Plaintiff again politely declined to cover her child's head with a blanket.

28. FA Kinzie walked away.

29. FA Kinzie then directed Customer Service Representative Bobby Kubicki to remove Plaintiff and her family from the plane because Plaintiff had breastfed her toddler contrary to FA Kinzie's instructions.

30. Plaintiff felt shamed and humiliated in front of her fellow passengers who witnessed the event. She tearfully gathered her belongings to exit the plane.

31. As Plaintiff approached the front of the plane, she told FA Kinzie she felt shamed and embarrassed.

32. FA Kinzie pointed to the exit and demanded: "Just get off the plane."

33. Neither the pilot nor co-pilot, who observed this exchange, intervened to override FA Kinzie's decision.

34.  Plaintiff asked to re-board the plane, but Defendants' agents, including but not limited to the pilot, denied the request.

35.  At no time did Plaintiff engage in any loud or unsafe action that could be viewed as a threat to air safety.

36.  Because her family was denied air travel based on Plaintiff breast-feeding her toddler, Plaintiff had to make arrangements for overnight accommodations and find another flight to New York the following day.

37.  Plaintiff has since felt anxiety when she has breastfed in places of public accommodation, and has felt inhibited from nursing her second child based on her experience aboard Delta code-share Flight 6160.

### COUNT I AS TO ALL DEFENDANTS: DISCRIMINATION AGAINST BREASTFEEDING IN VIOLATION OF 9 V.S.A. § 4502(a) AND (j)

38.  Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39.  Vermont statutory law provides in relevant part that: notwithstanding any other provision of law, a mother may breastfeed her child in any place of public accommodation in which the mother and child would otherwise have a legal right to be. 9 V.S.A. §4502(j).

40.  The plane which defendants' collectively operated and controlled is a place that served the general public and is a place of public accommodation within the meaning of Vermont law. 9 V.S.A. § 4501(1) (facility which offers services to the public).

41.  As a ticketed passenger, Plaintiff was lawfully on Defendants' plane.

42.  Defendants breached Vermont's public accommodation law by denying Plaintiff the right to breastfeed on the plane, by alternatively dictating the manner in which she could breastfeed her child in a place of public accommodation, and by denying her the right to re-board the plane, all in violation of 9 V.S.A. § 4502.

43. Plaintiff's decision to breastfeed her toddler did not affect the price, route or service of the flight, nor was it in any manner a service provided by the Defendants.

44. Defendants' conduct, through its agents and employees, evidenced ill will, was carried out under circumstances evidencing insult and oppression, or showed deliberate or reckless disregard for Plaintiff's rights.

45. As a result, Plaintiff seeks all remedies permitted to her by Vermont statutory law regarding places of public accommodation, including injunctive relief, compensatory and punitive damages, costs and reasonable attorney's fees and any other relief deemed appropriate by this Court.

## COUNT II AS TO ALL DEFENDANTS; NEGLIGENCE

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

47. Defendants at all times owed a duty of care to transport Plaintiff safely to her intended destination pursuant to the ticket agreement between the parties and common law.

48. Defendants breached that duty by wrongly denying Plaintiff transport on Delta Flight 6160, operated by Mesa/Freedom.

49. As a result of Defendants' breach of duty, Plaintiff suffered harm including emotional distress and embarrassment, public humiliation, monetary losses, lost time and more.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment in her favor and requests the following relief:

A. An Injunctive Order to prevent Defendants from violating any and all others' right to breastfeed;

B. Compensatory damages for all costs and harm;

C. Punitive damages;

D. All attorney fees and costs;

E. Any other amounts this Court deems just and proper.

Dated at Portland Maine, this 7th day of October, 2009.

By: _____
Elizabeth A. Boepple, Esq.

Lambert Coffin Haenn
477 Congress Street, PO Box 5215
Portland ME 04112-5215
Phone: (207) 874-4000
Fax:    (207) 874-4040
eboepple@lambertcoffin.com
Attorneys for Emily Gillette